UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAFECO INSURANCE COMPANY
OF ILLINOIS,

       Plaintiffs,

vs.                          Case No.:

LACEY N. LOCKLAIR,
JEAN PAUL DESILVA, and
ROGER C. BOWERS,

       Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Safeco Insurance Company of Illinois ("Safeco"), files this Complaint for Declaratory Relief against Defendants Lacey N. Locklair, Jean Paul Desilva, and Roger C. Bowers.

## JURISDICTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. There is complete diversity of citizenship.

4. Pursuant to 28 U.S.C. § 1332(c)(1), Safeco is a company organized under the laws of the State of Illinois and for federal court jurisdiction/diversity of

citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts. Thus, Safeco is a citizen of Illinois and Massachusetts.

5. Lacey N. Locklair is a citizen of Florida.

6. Jean Paul Desilva is a citizen of Florida.

7. Roger C. Bowers is a citizen of Florida.

8. Venue is proper because this action arises out of a motor vehicle accident that occurred in Pinellas County, Florida.

## THE INSURANCE POLICY

9. Safeco issued insurance policy number F3815243 to Jean Paul Desilva for the policy period of November 11, 2023 through May 11, 2024.

10. The insurance policy provided bodily injury liability coverage in the amount of $10,000 per person and $20,000 per accident.

## THE INSURANCE CLAIM

11. On March 14, 2024, Jean Paul Desilva was involved in a motor vehicle accident with Lacey N. Locklair while operating a vehicle owned by Roger C. Bowers.

12. The loss was reported to Safeco on March 14, 2024.

13. Lacey N. Locklair has asserted claims against Jean Paul Desilva and Roger C. Bowers to Safeco for injuries.

14. On April 11, 2024, Safeco tendered the bodily injury liability limits of $10,000 to Lacey N. Locklair through her counsel to resolve the claims.

15. The check in the amount of $10,000 was delivered to Lacey N. Locklair's counsel, N Brook Nutter, P.A. at 3407 W. Kennedy Blvd, Suite A, Tampa, FL 33609 by UPS on April 15, 2024 at or about 1:09pm.

16. Lacey N. Locklair, through her counsel, denies receipt of this check.

### REQUEST FOR DECLARATORY RELIEF

17. Florida Statute § 624.155 provides, in part:

> (4)(a) An action for bad faith involving a liability insurance claim, including any such action brought under the common law, shall not lie if the insurer tenders the lesser of the policy limits or the amount demanded by the claimant within 90 days after receiving actual notice of a claim which is accompanied by sufficient evidence to support the amount of the claim.

18. Safeco tendered the policy limits within 90 days of receiving notice of the claim.

19. Lacey N. Locklair, through her counsel, denies this and has demanded $100,000 despite the policy limits being only $10,000.

20. Safeco has a present need for a declaration as to whether or not it tendered its policy limits within 90 days after receiving notice of the claim in accordance with § 624.155(4)(a) so that Safeco can determine its potential exposure in this matter and make decisions accordingly.

21. An actual, present controversy exists between Safeco and the Defendants.

22. Safeco has a justiciable question as to the existence of a right, status, immunity, or privilege with regard to § 624.155(4)(a).

3

23. Safeco is in doubt as to right, status, immunity, or privilege with regard to §
624.155(4)(a) based on Lacey N. Locklair's denial of receiving the check.

24. A declaratory judgment would serve a useful purpose in settling the parties'
legal obligations and would afford relief from the uncertainty, insecurity,
and controversy giving rise to the proceedings.

25. A declaratory judgment in favor of Safeco could facilitate resolution of Lacey
N. Locklair's claims against the other defendants, ending all controversy
between the parties.  This would save Safeco the cost and expense of
defending through trial the underlying lawsuit.

WHEREFORE, Liberty Mutual requests:

    A.    A declaration that Safeco tendered its policy limits within 90
days after receiving actual notice of Lacey N. Locklair's claims.

    B.    Such other and further relief as to which the Court deems
appropriate.

## **DEMAND FOR JURY TRIAL**

Safeco requests a jury trial.

Dated October 30, 2025

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Matthew J. Lavisky

MATTHEW J. LAVISKY
Florida Bar No.: 48109
mlavisky@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:  (813) 281-1900
Facsimile:   (813) 281-0900
*Counsel for Safeco*