**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SAFECO INSURANCE COMPANY
OF ILLINOIS,

Plaintiff,

v. Case No. 8:25-cv-2964-TPB-SPF

LACEY N. LOCKLAIR, et al.,

Defendants.
__________________________________/

**ORDER GRANTING "PLAINTIFF SAFECO INSURANCE COMPANY OF ILLINOIS' MOTION FOR FINAL SUMMARY JUDGMENT"**

This matter is before the Court on "Plaintiff Safeco Insurance Company of Illinois' Motion for Final Summary Judgment," filed on May 15, 2026. (Doc. 54). Defendant Lacey N. Locklair filed a response in opposition (Doc. 75), and Plaintiff filed a reply (Doc. 78). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

**Background**

This declaratory judgment action arises from a March 14, 2024, motor vehicle accident involving Defendant Jean Paul DeSilva and Defendant Lacey N. Locklair. At the time of the accident, DeSilva was operating a vehicle owned by Defendant Roger C. Bowers. Plaintiff Safeco Insurance Company of Illinois insured DeSilva under an automobile insurance policy providing bodily injury liability limits of $10,000 per person and $20,000 per accident.

Safeco received notice of Locklair's bodily injury claim on March 14, 2024. On April 11, 2024, Safeco advised Locklair's counsel that it had "proactively tendered" its $10,000 bodily injury limit, that a check had been requested under separate cover, and that Safeco enclosed a proposed release of DeSilva and Bowers. Safeco expressly invited counsel to propose modifications to the release.

Safeco issued a $10,000 check payable to Locklair's counsel's trust account and sent the check by UPS to counsel's address. UPS records reflect delivery on April 15, 2024, to an individual identified as "MILLS." Locklair disputes that her counsel or his firm actually received that package and relies on affidavits from counsel and the building manager, as well as the absence of an entry in the building's delivery log. Safeco repeatedly followed up regarding its policy-limits tender. It reissued the $10,000 check in October 2024. Instead of cashing the check, Locklair's counsel returned it in February 2025. Safeco advised that it remained willing to reissue the check and, in May 2025, again sent a $10,000 check and a proposed release.

Safeco now seeks a declaration that it tendered its bodily injury liability limits within ninety days after receiving actual notice of Locklair's claim in accordance with § 624.155(4)(a), *Florida Statutes*.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

Where the moving party will bear the burden of proof on an issue at trial, demonstrating the absence of a genuine issue of material fact requires the submission of credible evidence that, if not controverted at trial, would entitle the moving party to a directed verdict on that issue. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Only if the moving party meets that burden is the non-moving party required to produce evidence in opposition. *Chanel, Inc. v. Italian Activewear of Fla. Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991).

**Analysis**

The parties principally dispute whether Safeco "tendered" its policy limits within the meaning of the statute. § 624.155(4)(a), *F.S.*, provides:

> An action for bad faith involving a liability insurance claim, including any such action brought under the common law, shall not lie if the insurer tenders the lesser of the policy limits or the amount demanded by the claimant within 90 days after receiving actual notice of a claim which is accompanied by sufficient evidence to support the amount of the claim.

The statute does not define "tender." Florida law, however, has long recognized that tender requires more than a mere willingness to pay; it requires production of the thing to be paid and an offer of it to the person entitled to receive it. *Kreiss Potassium Phosphate Co. v. Knight*, 124 So. 751, 754 (Fla. 1929). Florida courts have also recognized that tender may be accomplished through delivery or attempted delivery. *See Aetna Casualty & Surety Co. v. Protective National Insurance Co. of Omaha*, 631 So. 2d 305, 309 (Fla. 3d DCA 1993).

The undisputed record establishes that, even assuming the ninety-day period began when Safeco received notice of Locklair's claim on March 14, 2024, Safeco issued a check for the full $10,000 bodily injury limit and sent that check by UPS to Locklair's counsel at the correct address less than thirty days later. Whether counsel ultimately received or located the package does not create a material factual dispute as to whether Safeco tendered the funds. Safeco did not merely express a willingness to pay – it issued the check and placed it with a commercial carrier for delivery to Locklair's counsel.

Locklair separately argues that Safeco's proposed release rendered the tender conditional and therefore ineffective. The Court is not persuaded. Even assuming that a tender expressly conditioned upon the relinquishment of rights may be ineffective under Florida law, the undisputed record does not establish that Safeco conditioned payment of the $10,000 upon execution of its proposed release. Safeco advised counsel that it had tendered the policy limits and that the check would issue separately. It described the accompanying release as a "proposed form release" and expressly invited counsel to suggest modifications. Nothing in that communication stated that payment was contingent upon Locklair's execution of the release. Indeed, Safeco issued and sent the check separately even though there had been no agreement or "meeting of the minds" concluded as to the release. The Court therefore need not decide whether every tender accompanied by a release would satisfy § 624.155(4)(a). On this record, Safeco's tender was not rendered ineffective merely because Safeco simultaneously sought a release of its insureds.

Locklair also points to alleged inaccuracies and inconsistencies concerning available insurance, Bowers's status, and subsequent claim-handling communications. But those matters do not create a genuine *material* dispute concerning the dispositive question presented here: whether Safeco timely tendered its $10,000 policy limit. Nor does Locklair's evidence concerning Bowers's residence or familial relationship with DeSilva undermine Safeco's position because Safeco does not contend that Bowers qualifies on that basis.

Consequently, no genuine dispute of *material* fact remains as to whether Safeco timely tendered its $10,000 bodily injury policy limit within the meaning of §

624.155(4)(a), *F.S.* Safeco is therefore entitled to judgment as a matter of law on its claim for declaratory relief.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

1. "Plaintiff Safeco Insurance Company of Illinois' Motion for Final Summary Judgment" (Doc. 54) is **GRANTED**.
2. The Court declares that Safeco Insurance Company of Illinois timely tendered its $10,000 bodily injury liability limit within ninety days after receiving actual notice of Lacey N. Locklair's claim, in accordance with §624.155(4)(a), *F.S.*
3. The Clerk is directed to enter final judgment in favor of Plaintiff Safeco Insurance Company of Illinois, and against Defendant Lacey N. Locklair, consistent with this Order.
4. Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE